Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO 80203
Dear Ms. Herzmark:
This is in response to your inquiry of September 1, 1981, in which you requested an attorney general's opinion of your department's interpretation of C.R.S. 1973, 29-1-301 and C.R.S. 1973, 29-1-302. You advised that within your department both the Division of Property Taxation and the Division of Local Government have concluded that new public utility construction will not be excluded in computing the seven percent statutory limit.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
1. In computing a taxing district's statutory limit under C.R.S. 1973, 29-1-301 et seq., is new construction of a public utility within the taxing district for the preceding year excluded?
 My conclusion is yes. Although the legislature failed to specifically address the issue, it is clear that the legislature intended that a district be allowed additional revenue when additional services are required to be furnished due to new construction.
ANALYSIS
The limitation governing the issue is set out in C.R.S. 1973,29-1-301(1) which reads, as follows:
 29-1-301. Levies reduced — limitation.
(1) All statutory tax levies when applied to the total valuation for assessment of the state, each of the counties, cities, and towns not chartered as home rule, except as provided in the subsection (1), each of the fire, sanitation, irrigation, drainage, conservancy, and other special districts established by law, and for the 1983 property tax year cities and towns chartered as home rule shall be so reduced as to prohibit the levying of a greater amount of revenue than was levied in the preceding year plus seven percent, except to provide for the payment of bonds and interest thereon, for the payment of any contractual obligation which has been approved by a majority of the qualified electors of the taxing authority, or for the payment of pension funds by fire protection districts organized pursuant to part 3 of article 5 of title 32, C.R.S. 1973, or except as provided in subsection (1.3) of this section. The inclusion for the 1983 property tax year of cities and towns chartered as home rule is in furtherance of the compelling and urgent statewide policy of insuring reasonable property tax revenues.
(Emphasis added).
The quoted statute, which, as amended, became effective June 19, 1981, limits the statutory tax levies to an annual increase of not more than seven percent, but this limitation does not apply to new construction within the taxing district for the preceding year. Pertinently, C.R.S. 1973, 29-1-302(1) provides:
 In computing the seven percent limit, the increased valuation for assessment . . . attributable to new construction within the taxing district for the preceding year shall be excluded.
The Division of Local Government and the Division of Property Taxation have adopted a policy holding that public utility new construction, which is assessed by the property tax administrator at state level as a unit (C.R.S. 1973, 39-4-102), does not qualify as "new construction" within the purview of C.R.S. 1973,29-1-302(1).
Unfortunately, the legislation does not specifically address the problem. Certainly, there are significant differences in the valuation of properties at the county level by the assessor and the valuation of public utility properties at state level by the administrator. Unlike the valuation of real property within a county, which is based on the value of the property as located within the county, public utility property is valued as a unit by the administrator considering the utility property both within and without the state and also intangibles, utility revenues and the market value of the utilities' securities. The administrator has wide discretion in assigning such weight to the factors as in her judgment will secure a just value. Once the valuation is determined, the administrator utilizes commonly recognized methods of apportioning the valuation to the counties as in her judgment will fairly represent the valuation for assessment within each county. (C.R.S. 1973, 39-4-106(2)(d), 3(d), 5(c) and (6).) So there is some merit to the policy adopted, by the two divisions within the Department of Local Affairs, that new public utility construction is not to be excluded in computing the seven percent limit.
However, to hold that new utility construction is to be treated differently, when the general assembly has not specifically spoken on the issue, cannot be justified when one considers the legislative intent in imposing the seven percent limit. As stated in my opinion to you of February 20, 1980 (number LO LG AGAAH), the legislature intended that a taxing authority would be entitled "to 1) no more than a seven percent increase in revenues collected from existing property within a taxing district, . . . plus 2) revenue collected from `new' property (including new construction), which naturally increases the demand for services." Specifically, when the legislature provided in C.R.S. 1973, 29-1-302(1) that new construction would be excluded in computing the seven percent limit, it intended to permit taxing authorities an increase in revenues when new construction occurred in order to compensate for the expense to the taxing authority in providing increased services. While certain new utility construction would require the providing of few if any additional services, some types of new utility construction certainly would impose significant additional expenses on a taxing authority in providing the required services. Determinations as to whether certain kinds of public utility new construction should or should not be excluded from the seven percent limit are matters for legislative decision. Accordingly, until the legislature passes specific legislation to the contrary, it is my opinion that new construction by public utilities cannot be treated any differently than other new construction.
SUMMARY
New public utility construction within a taxing district should be excluded when computing the seven percent limit unless the general assembly otherwise provides.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC UTILITIES TAXATION AND REVENUE
C.R.S. 1973, 29-1-301
C.R.S. 1973, 29-1-302
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of Property Taxation, Div. of
Holding that in computing a taxing district's statutory limit under C.R.S. 1973, 29-1-301 et seq., "new construction" of a public utility is excluded.